JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS<br>MOBB08, LLC | DEFENDANTS<br>Melissa Treacy<br>James P. Treacy |
|---|---|
| (b) County of Residence of First Listed Plaintiff  Lake County, Ohio<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant  Montgomery County<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Mark R. Kehoe, Esquire     (215) 557-2900<br>McElroy, Deutsch, Mulvaney & Carpenter<br>Suite 1500, 1617 JFK Blvd., Phila, PA  19103 | Attorneys *(If Known)* |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question  *(U.S. Government Not a Party)*
- ☒ 4  Diversity  *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☒ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 28 U.S.C. §1332
Brief description of cause:  Claim for specific performance and injunctive relief to enforce franchise agreements

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.    DEMAND $ _____    CHECK YES only if demanded in complaint:  JURY DEMAND:  ☐ Yes  ☒ No

**VIII. RELATED CASE(S) IF ANY**  *(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE  11/1/19    SIGNATURE OF ATTORNEY OF RECORD  *Mark R. Kehoe*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 38325 Ridge Road, Willoughby, Ohio 44094

Address of Defendant: 302 Rodgers Road, Eagleville, Pennsylvania 19403

Place of Accident, Incident or Transaction: Audubon, Montgomery County, Pennsylvania

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/1/19          *signature: Mark R. Kehoe*          PA 44471

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. **Diversity Jurisdiction Cases:**
1. [X] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Mark R. Kehoe, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[X] Relief other than monetary damages is sought.

DATE: 11/1/19          *signature: Mark R. Kehoe*          PA: 44471

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| MOBB08, LLC | : | CIVIL ACTION |
| v. | : | |
| Melissa Treacy and James P. Treacy | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| 11/1/19 | *Mark R. Kehoe* | Plaintiff MOBB08, LLC |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-557-2939 | 215-557-2990 | mkehoe@mdmc-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOBB08, LLC, | : CASE NO. |
| Plaintiff | : |
| | : Judge |
| v. | : |
| MELISSA TREACY | : |
| and | : |
| JAMES P. TREACY, | : |
| Defendants | : |

## COMPLAINT FOR INJUNCTIVE RELIEF

MOBB08, LLC, doing business as Busy Bees Pottery & Arts Studio ("Busy Bees" or "Plaintiff"), by and through its undersigned counsel, hereby files this Complaint against Melissa Treacy and James P. Treacy ("Franchisee" or "Defendants") and avers as follows:

## PARTIES

1. Plaintiff is a limited liability company organized under the laws of the State of Ohio, with its registered address at 38325 Ridge Road, Willoughby, Ohio 44094.

2. Defendants Melissa Treacy and her husband James P. Treacy are individuals, residing at 302 Rogers Road, Eagleville, Pennsylvania 19403.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. §1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees.

26072776.1

4.      This Court is vested with jurisdiction over this action pursuant to 28 U.S.C. §1391(b)(3) because a substantial part of the events giving rise to the claim occurred within the Eastern District of Pennsylvania, and because the parties consented to venue in this District in the Franchise Agreements which underlie this suit.

## COUNT I – ACTION FOR SPECIFIC PERFORMANCE AND INJUNCTIVE RELIEF TO ENFORCE FRANCHISE AGREEMENTS

5.      Busy Bees Franchise Systems, LLC, Plaintiff's predecessor in interest, entered into a Franchise Agreement with Defendant Melissa Treacy on or about September 22, 2014, granting Defendant a franchise to operate a Busy Bees Pottery & Arts Studio Business at 1950 Main Avenue, Suite 3, Conshohocken, Pennsylvania 19428 ("Plymouth Meeting Franchise Agreement"). A true and correct copy of the Plymouth Meeting Franchise Agreement is incorporated herein and attached here as Exhibit A.

6.      Busy Bees Franchise Systems, LLC, Plaintiff's predecessor in interest, entered into a Franchise Agreement with Defendant Melissa Treacy on or about June 1, 2016, granting Defendant a franchise to operate a Busy Bees Pottery & Arts Studio Business at 1125 Pawlings Road, Audubon, Pennsylvania 19403 ("Audubon Franchise Agreement"). A true and correct copy of the Audubon Franchise Agreement is incorporated herein and attached hereto as Exhibit B.

7.      Plaintiff MOBB08, LLC entered into an Asset Purchase Agreement with Busy Bees Franchise Systems, LLC, effective January 1, 2017, whereby Plaintiff acquired substantially all of the assets of the Franchisor, Busy Bees Franchise Systems, LLC, and the Franchisor assigned its interest in the existing Franchise

Agreements, including the Plymouth Meeting Franchise Agreement and the Audubon Franchise Agreement, to Plaintiff.

8. Plaintiff Busy Bees offers franchises for Busy Bees Pottery & Arts Studio businesses that offer instruction in ceramic arts techniques such as mosaic decoration, jewelry making, pottery painting, glass fusing, clay hand building, glazing and finishing, and board art, to children and adults. Busy Bees has developed proprietary methods, techniques, trade dress, trademarks and logos for the operation of Busy Bees Pottery & Arts Studios. Through franchise agreements, Busy Bees grants franchisees the right to use these proprietary trademarks and its distinctive business formats, methods, procedures, designs, layouts, standards and specifications ("System Standards") for the operation of "Do It Yourself (DIY)" arts and crafts businesses.

9. The Plymouth Meeting Franchise Agreement granted Defendant Treacy exclusive territorial rights to be the sole operator of a Busy Bees Pottery & Arts Studio business within Conshohocken and Plymouth Meeting, Pennsylvania, for a period of seven years from September 22, 2014 through September 21, 2021. Defendant Treacy relocated her Busy Bees studio, with the consent of the Franchisor, to Plymouth Mall in Plymouth Meeting, Pennsylvania.

10. The Audubon Franchise Agreement granted to Defendant Treacy exclusive territorial rights to be the sole operator of a Busy Bees Pottery & Arts Studio business within Audubon, Pennsylvania for a period of seven years from June 1, 2016 through May 31, 2023.

11. Melissa and James Treacy briefly owned and operated a third Busy Bees Pottery & Arts Studio franchise in Vineland, New Jersey, that has since been terminated by mutual agreement of the parties.

12. Defendant James P. Treacy actively participated in the management and operation of the Treacy's Busy Bees Pottery & Arts Studios. James Treacy benefitted from Melissa Treacy's franchise relationship with Busy Bees. Melissa and James Treacy filed joint income tax returns as husband and wife, reporting no income outside of the operation of their Busy Bees franchises.

13. Defendant Melissa Treacy agreed to pay to Busy Bees a Royalty Fee of five percent of the Gross Sales of her business and to report her Gross Sales weekly to Busy Bees. Franchise Agreements, Article 3.2.

14. Defendant Melissa Treacy acknowledged and agreed that Busy Bees possesses certain Confidential Information relating to the development and operation of Busy Bees Pottery & Arts Studio Businesses, that she would not acquire any interest in such Confidential Information other than the right to use such Confidential Information in operating the Business during the term of the Agreement and according to the Agreement's terms and conditions, that her use of any Confidential Information in any other business would constitute an unfair method of competition with Busy Bees and other Busy Bees franchisees, that she will not use any Confidential Information in any other business or capacity and she will keep the Confidential Information absolutely confidential during and after the Agreement's term. Franchise Agreements, Article 6.

15. The Confidential Information protected by the Franchise Agreements includes the list of names, addresses, phone numbers and other information regarding

26072776.1

current and former customers of the Busy Bees Franchise location and of those who have inquired about Busy Bees' products and services.

16. Melissa Treacy agreed, that upon termination of the Agreement, "neither you nor any Owner will have any direct or indirect interest (e.g. through a spouse) as a disclosed or beneficial owner, investor, partner, director, officer, employee, consultant, representative or agent in any Competitive Business (as defined in Article 7 above) within the Territory and within twenty (20) miles of any Busy Bees Pottery & Arts Studio Business in the system" for a period of two years. Franchise Agreements, Article 15.4.

17. In the event of termination of the Franchise Agreement, Busy Bees has the option, exercisable by giving written notice, to purchase at book value any assets of the franchised business that Busy Bees designates. Franchise Agreements, Article 15.5.1.

18. Melissa Treacy agreed that she would reimburse Busy Bees for any costs and expenses it incurs in connection with her failure to comply with the Franchise Agreements, including reasonable legal, mediators', arbitrators', accounting and related fees. Franchise Agreements, Article 17-5.

19. Melissa Treacy agreed that if either Franchise Agreement was terminated for cause, she must pay to Busy Bees liquidated damages to compensate Busy Bees for the value of the Royalty Fees Busy Bees expected to earn during the Term of the agreements. Ms. Treacy acknowledged that the liquidated damages provision "only covers Busy Bees' damages from the loss of cash flow from the Royalty Fees. It does not cover any other damages, including damages to our reputation with the public and landlords and damages arising from a violation of any provision of this Agreement other

than the Royalty Fee section. You and each of your Owners agree that the liquidated damages provision does not give us an adequate remedy at law for any default under, or for the enforcement of, any provision of this Agreement other than the Royalty Fee section." Franchise Agreements, Article 15.7.

20. Melissa Treacy failed to pay Royalty Fees in a timely manner, on three or more separate occasions, as required by Article 3.2 of the Franchise Agreements. She stopped paying any Royalty Fees to Busy Bees on April 28, 2019, and failed to pay any Royalty Fees after that date, although she continued to operate both Busy Bees Businesses and collect Gross Sales revenue.

21. Defendant Melissa Treacy failed to provide reports of her Gross Sales in a timely manner as required by Article 10 of the Agreements, on three or more separate occasions. She stopped reporting her Gross Sales for either Franchise location on June 30, 2019, and failed to report Gross Sales after that date, although she continued to operate both Busy Bees Businesses and collect Gross Sales revenue.

22. Melissa Treacy breached both Franchise Agreements by defaulting on her lease agreements for both her Busy Bees locations.

23. Busy Bees made repeated demands for Melissa Treacy to report her Gross Sales and pay the Royalty Fees which were due and owing, which Defendant ignored. Subsequently, on August 23, 2019, Busy Bees sent Melissa Treacy a Notice of Default with respect to both the Plymouth Meeting Franchise Agreement and the Audubon Franchise Agreement, identifying as material breaches (a) failure to pay Royalty Fees in a timely manner, (b) failure to provide timely reports of Gross Sales, and (c) causing material defaults under her lease agreements. The Notice of Default

gave Defendant seven days to cure the listed defaults or else her Franchise Agreements would terminate.

24.     Defendant Melissa Treacy failed and refused to cure the identified defaults in a timely manner, despite an extension of the period for cure, and as a result both the Plymouth Meeting Franchise Agreement and the Audubon Franchise Agreement were terminated effective September 2, 2019. Busy Bees reminded Defendant of her post-termination obligations, including ceasing operations (including social media), de-identifying the location from the Busy Bees proprietary trademarks, logos and signage, and complying with the covenants not to compete and not to use or disclose Confidential Information.

25.     Defendants failed and refused to cease operations at the Audubon Franchise location.  Instead, they merely covered the Busy Bees Pottery & Arts Studio sign on the front of the business with a sign for "The Crafting Room" and otherwise continued to operate the same arts and craft studio business in the same location and using the same equipment, inventory and assets of their Busy Bees Pottery & Arts Studio, including Confidential Information and proprietary methods obtained through their ownership and management of Busy Bees franchises.

26.     In furtherance of a scheme to intentionally breach the obligations of the Franchise Agreements, and acting on the incorrect assumption that James Treacy was not bound by the non-compete and confidentiality provisions of the Franchise Agreements, Melissa and James Treacy established a new legal entity to be owned solely by James Treacy, to own and operate The Crafting Room. Defendants attempted to transfer to the new entity all of the assets of their Audubon and Plymouth Meeting

Busy Bees Pottery & Arts Studios, disregarding the fact that those assets were pledged as security for Melissa's obligations under the Franchise Agreements. This new entity is operating The Crafting Room under the lease agreement between Melissa Treacy and the landlord of the Audubon Busy Bees franchise location. This cooperative conduct between Melissa and James Treacy amounts to a subterfuge to attempt to avoid Melissa Treacy's obligations under the Franchise Agreements.

27. Melissa Treacy has claimed that she has no money to pay to Busy Bees past due Royalty Fees, yet, after receiving the Notice of Default she paid money to her Audubon landlord to cure her lease default, for the purpose of operating the competing Crafting Room in the same location.

28. Under the name The Crafting Room, Melissa and James Treacy continue to offer DIY arts and crafts instruction and supplies for the same mediums offered as a Busy Bees Studio – including ceramic arts techniques such as mosaic decoration, jewelry making, pottery painting, glass fusing, clay hand building, glazing and finishing, and board art, to children and adults. Defendants are operating a DIY arts and crafts business using the same methods and business model as the Busy Bees System, including workshops, parties, and one-on-one instruction.

29. Defendants Melissa and James Treacy are using Busy Bees Confidential Information, including the Busy Bees System Standards, promotional marketing and advertising programs, knowledge of suppliers, and their customer list, to operate The Crafting Room.

30. Defendants are using the Audubon Franchise Busy Bees' telephone number as the telephone number for The Crafting Room, which results in the solicitation

and conversion of Busy Bees' customers to become customers of the Treacy's unlawful competitive business.

31. Defendants Melissa and James Treacy have established a website for The Crafting Room, using the telephone number and address of the Audubon Busy Bees Pottery & Arts Studio and advertising that they are open for business. A comparison of The Crafting Room's website and the Busy Bees' website demonstrates the similarity of the two businesses.

32. Despite repeated demands that Defendants cease all operations of The Crafting Room and any all marketing, advertising, and social media to market the assets and location of their former Audubon Busy Bee Pottery & Arts Studio as a competing business, Defendants have refused to shut the business down, remove the sign and phone number, and remove their website and social media presence. Defendants ordered new arts and crafts inventory from Busy Bees' supplier after the termination of their Busy Bees franchise.

33. Defendants have held, and continue to hold, during the time when they represented that they had ceased operations of The Crafting Room pending resolution of the dispute between the parties, arts and crafts parties and other sales events in the Audubon Busy Bees location under the name The Crafting Room for former customers of the Audubon Busy Bees. Defendants have also held, and continue to hold, The Crafting Room open for walk-in business from former Busy Bees customers and from potential customers who were drawn to the location by Busy Bees' good will, marketing and reputation for quality DIY arts and crafts experiences.

34. Defendants failed to adequately respond to requests from Busy Bees for financial information concerning their Busy Bees franchises that they are obligated by the Franchise Agreements to provide, including financial statements indicating profits and losses and their balance sheet, and sales tax reports to the Commonwealth of Pennsylvania. Although her reports of Gross Sales prior to June 30, 2019 showed that she collected sales tax from customers, Melissa Treacy told Busy Bees that she did not pay or report sales tax to the Commonwealth of Pennsylvania.

35. By notice dated October 7, 2019, Busy Bees exercised its option under Article 15.5 of the Franchise Agreement to purchase certain equipment and inventory of the Audubon Busy Bees studio. Defendants refused to comply with their obligations under the Franchise Agreement to sell the designated assets to Busy Bees at the stated book value when Busy Bees exercised this option.

36. Defendants have failed, in violation of the Plymouth Meeting Franchise Agreement, to take the necessary steps to de-identify the location of their Plymouth Meeting Busy Bees franchise business by removing all Busy Bees trademarks, tradenames and logo, and telephone numbers.

37. In accordance with the Franchise Agreement, concurrently with the filing of this action, Plaintiff is submitting to arbitration its claims for damages for breach of the Franchise Agreement for failure to pay past due Royalty Fees, liquidated damages, and costs of enforcement. In this action, Plaintiff is seeking only equitable relief in the form of specific performance and injunction to enforce the non-compete, confidentiality, and purchase option provisions of the Franchise Agreement.

38. If Defendants are not enjoined from operating and promoting the competitive business of The Crafting Room, Busy Bees will be irreparably injured through harms that cannot be adequately compensated by money damages, including loss of control of reputation, loss of trade, and loss of goodwill.

39. Busy Bees has a protectable interest in the goodwill its franchise has created. The restrictive covenants in the Franchise Agreements protect the basic product which the franchisor has to sell, namely the franchise itself, allowing Busy Bees to maintain a recognizable and respected name in the marketplace, provide uniform services to its customers, and increase the marketability of the Busy Bees name to potential franchisees.

40. Busy Bees has a protectable interest in being able to place a new franchise in the area where the goodwill has been created. The presence of a competing DIY arts and crafts studio in the same location as the terminated Busy Bees franchise studio and within the geographic area protected by the non-compete covenant reduces the value of the Busy Bees trademark to a potential new franchisee who might consider opening a Busy Bees studio within the area. The Crafting Room is offering products and services that directly compete with the products and services of Busy Bees studios.

41. Busy Bees will be irreparably harmed in the absence of injunctive relief because The Crafting Room is interfering with the relationship between Busy Bees franchisees and their customers, and attempting to convert those customers into Crafting Room customers. The Treacys have told customers that they are continuing

their Busy Bees business under the new name of The Crafting Room, and have provided products and services to those customers under the guise of the new name.

42.     Busy Bees will be irreparably harmed in the absence of injunctive relief in that permitting former franchisees to violate the restrictive covenants of the Franchise Agreement will set poor precedent for other franchisees.

43.     Any harm that Defendants might suffer if injunctive relief is granted would be created or caused by their own decision to continue operating their Busy Bees business, changing only the name, within the protected territory of the non-compete covenant. Defendants are free to operate an arts and crafts business outside of the geographic area protected by the non-compete. They are also free to operate a non-competitive business – in virtually any other field than DIY arts and crafts - in the same location or within the protected area.

44.     The public interest will be served by the issuance of an injunction because the public interest is served by fulfilling the contractual interests of the parties and maintaining the viability of the franchise system. The public interest supports contractual enforcement by preventing competition in violation of a valid restrictive covenant.

WHEREFORE, Plaintiff prays for the following relief:

a. An order enjoining Defendants Melissa and James Treacy, and all persons in active concert or participation with them, from (1) having any direct or indirect interest (including through a spouse) as a disclosed or beneficial owner, investor, partner, director, officer, employee, consultant, representative or agent in any arts and crafts business within Audubon, Conshohocken or Plymouth Meeting, Pennsylvania, and within twenty miles of any Busy Bees

Pottery & Arts Studio Business in the franchise system for a period of two years from the date of the Order; (2) using for any purpose all Confidential Information, including proprietary business methods, systems and formats, and customer names and contact information;

b. An order requiring Melissa and James Treacy to (1) remove "The Crafting Room" sign from the Audubon storefront; (2) discontinue any online presence of "The Crafting Room," including website, Facebook, Instagram, Twitter and any other social media presence; and (3) assign to Busy Bees the telephone numbers associated with the Audubon and Plymouth Meeting Busy Bees locations;

c. An order requiring Melissa and James Treacy to return to Busy Bees all Customer Lists, including names and contact numbers of customers and prospective customers of all of their Busy Bees locations;

d. An order requiring Melissa and James Treacy to de-identify the Plymouth Meeting Busy Bees location, including terminating any online and physical presence.

e. An order compelling specific performance of Melissa and James Treacy's obligation to sell to Busy Bees the assets designated by Busy Bees for $3,000.00.

f. Reasonable attorney's fees and costs incurred in enforcing the restrictive covenants in the Franchise Agreement; and

g. Such other relief as the Court deems appropriate.

Respectfully submitted,

*Mark R. Kehoe*  11/1/19

Mark R. Kehoe
McElroy, Deutsch, Mulvaney & Carpenter LLP
1 Penn Center – Suburban Station
1617 JFK Blvd., Suite 1500
Philadelphia, PA 19103-1815
Phone: 215-557-2939
mkehoe@mdmc-law.com

- 14 -

26072776.1